UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| THOMAS W. BIRO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-38 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| BOB CHAMPION, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| | ) | |

This is a civil action brought by a *pro se* plaintiff. Plaintiff filed his complaint on January 14, 2005, naming Bob Champion as the defendant. Plaintiff alleged that he is "a Private, Sentient, Civilian, Absolute Sovereign Citizen of the United States of America" and that, "[a]ny such terms that may be construed to identify the Affiant otherwise are null and void, i.e., person, resident, individual, man, taxpayer, registered voter, motorist, witness, driver, corporation, partnership, franchise, Treasury Direct Account Number (SSN), the dead, etc." (docket # 1, ¶ 3). The events giving rise to plaintiff's lawsuit occurred in a hallway of the Allegan County Courthouse on October 18, 2004. Plaintiff was in the courthouse hallway operating a video camera. Plaintiff claims that as defendant Champion walked past plaintiff, defendant pushed away the lens of plaintiff's video camera, thereby damaging the camera and injuring plaintiff. Plaintiff attached the videotape as an exhibit in support of his complaint.

On April 14, 2005, plaintiff filed an amended complaint. (docket # 17). The amended complaint is labeled as a "Bivens Action for Assault and Battery." Plaintiff seeks $182,862

"on the Count of assault" and $182,862 "on the Count of Battery." Plaintiff alleges that the defendant Champion is an employee of the Allegan County Prosecutor's Office, an attorney practicing in Allegan County, Michigan, and a member of the "Michigan State Bar Association." (*Id.*, ¶ 1.2). The Michigan State Bar Association is listed as a defendant because it "oversees the licensing actions and conduct of attorneys of law within the State of Michigan." (*Id.*, ¶ 1.3). Plaintiff has never achieved service of process on the Michigan State Bar Association, and it has not otherwise appeared in this action.[1]

On June 29, 2005, defendant Champion filed a motion for summary judgment on all plaintiff's federal claims. (docket # 21). On June 30, 2005, the court issued an order notifying plaintiff of his opportunity to submit affidavits, documents or other materials in opposition to defendant's motion within 28 days of the date of the court's order. (docket # 24). Plaintiff elected not to file a response to defendant's motion. Upon review, I recommend that defendant Champion's motion for summary judgment be granted, and that judgment be entered in Champion's favor on all plaintiff's federal claims. I further recommend that the court, in its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims. Finally, I recommend that plaintiff's claims against the Michigan State Bar Association be dismissed for failure to achieve service.

---

[1] Rule 4(m) of the Federal Rules of Civil Procedure provides that, " If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant . . . ." FED. R. CIV. P. 4(m); *see Turner v. City of Taylor*, 412 F. 3d 629, 650 (6th Cir. 2005). Plaintiff' s 120-day period within which to achieve service of the summons and amended complaint expired on August 12, 2005. This report and recommendation serves as notice to plaintiff of impending dismissal of his claims against this defendant Michigan State Bar Association for failure to achieve service.

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Terry v. LaGrois*, 354 F.3d 527, 530 (6th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Tucker v. Union of Needletrades Indus. & Textile Workers*, 407 F.3d 784, 787 (6th Cir. 2005); *Rainer v. Union Carbide Corp.*, 402 F.3d 608, 614 (6th Cir. 2005).

The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005). The party moving for summary judgment bears the initial burden of pointing out to the district court that there is an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Although plaintiff elected not to file a response to defendant's motion, the court may not for that reason alone enter judgment against him. *See Guarino v. Brookfield Twp. Tr.*, 980 F.2d 399, 410 (6th Cir. 1992); *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). Rather, the court is required to examine the movant's

summary judgment motion to ensure that the movant has discharged his initial burden. *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 491 (6th Cir. 2000); *see also Miller v. Shore Fin. Serv., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005)("When a non-moving party fails to respond, therefore, the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden."); *Davis v. Cotting Carriers*, 102 F. App'x 938, 939 (6th Cir. 2004)(""When the nonmoving party fails to respond to the motion for summary judgment, the trial court is under no obligation to search the record to establish the absence of a genuine issue of material fact," but "may rely upon the facts presented and designated by the moving party.")(citing *Guarino*, 980 F.2d at 404 and *Street v. J. C. Bradford Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989)).

Once defendant shows that "there is an absence of evidence to support the nonmoving party's case," plaintiff has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004). The motion for summary judgment forces the non-moving party to "put up or shut up" and present evidence sufficient to create a genuine issue of fact for trial. *Street*, 886 F.2d at 1478; *BDT Prod., Inc. v. Lexmark Int'l, Inc.*, 124 F. App'x 329, 331 (6th Cir. 2005). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). "A nonmoving party may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part on credibility considerations. Instead, the nonmoving party must present evidence to defeat a properly supported motion for summary judgment. The party opposing summary judgment must be able to point to some facts which may or will entitle him to judgment, or to refute the proof of the moving party in some material portion, and the opposing party

may not merely recite the incantation, 'credibility,' and have a trial on the hope that a jury may believe factually uncontested proof." *Fogerty v. MGM Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004)(citations omitted).

## Proposed Findings of Undisputed Facts

The following facts are beyond genuine issue. On October 18, 2004, plaintiff and his friend Thomas "Tim" Arndt went to the Allegan County Courthouse with a video camera. Plaintiff testified that he and Arndt went to the courthouse to watch court proceedings involving Mr. Lee Termeer. The charges against Termeer were based on Termeer's driving a car at a time when his license had been suspended. Plaintiff testified as follows when asked why he brought a video camera into the courthouse:

> Q       All right. What was the video camera for. Why did you have a video camera at all in the courthouse?
>
> A       Because there was a man that I heard of was going in front of the judge for driving while license suspended, I think. I don't recall, but he stated he had an international driver's license and he was going to court and there was a bunch of controversy from a bunch of different people talking about how this guy's all this and that.
>
> Q       Tell me --
>
> A       That he knows the law and the judge has no jurisdiction, you know, and something you should -- you should come to court and see this.
>
> Q       It was --
>
> A       I dated -- I've dated this gentleman who was going to court's sister years ago, way back, way back when, and I know he was a blabbermouth, and he talked about rights and government and everything back then, but I never paid attention to him, and Tim, a friend of mine, says you got to come and see him, you know. So I came to see if he was going to make an ass of himself or what was going to happen. I didn't know. But I wasn't working anyway --

(Plf. Dep. at 75). Defendant Champion was not representing the Allegan County in the court proceedings against Mr. Termeer, and Champion was not inside the courtroom. Plaintiff and Arndt entered the courtroom, sat down, and plaintiff began videotaping without the court's permission. Plaintiff's associate, Mr. Arndt, was removed from the courtroom because Arndt refused to remove his hat.  Plaintiff taped the Arndt incident, and plaintiff ended up out in the courthouse hallway operating his video camera.  This is where plaintiff's encounter with Champion occurred.  Plaintiff did not have any idea who Mr. Champion was or what Champion was doing inside the courthouse.

Champion twice walked past plaintiff.  The first time defendant passed by plaintiff it was at a distance.  Champion said nothing to plaintiff and did not touch plaintiff's camera.  Later, with Mr. Arndt on the opposite side of the hallway approximately 8 feet away from plaintiff, defendant attempted to pass between plaintiff and Arndt.  As Champion was walking past plaintiff, Champion pushed away the lens of the camera that plaintiff, in very close proximity, was pointing in Champion's face.  Champion said nothing to plaintiff and continued walking. Plaintiff filed this lawsuit on January 14, 2005.

## Discussion

    **1.**    **Federal Claims**

Plaintiff's federal claims require little discussion.  Plaintiff's amended complaint is captioned as a "Bivens action for intentional Assault and Battery."  Plaintiff has not alleged or submitted evidence showing that Champion was a federal agent or that on October 18, 2004, Champion was acting under color of federal law. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *see also Hall v. Creech*, 17 F. App'x 270, 271

(6th Cir. 2001). The amended complaint refers to the International Covenant on Civil and Political Rights of 1991 ("ICCPR"), but the Sixth Circuit has expressly held that the ICCPR does not create any private cause of action. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). Plaintiff claims that Champion's actions somehow violated 18 U.S.C. § 113, a criminal statute for the punishment of assaults occurring within the special maritime and territorial jurisdiction of the United States. Suffice it to say that plaintiff has not submitted evidence establishing that events occurring in the hallway of the Alleagan County Courthouse fell within the special maritime and territorial jurisdiction of the United States. *See* 18 U.S.C. § 7. In any event, plaintiff lacks standing to initiate criminal charges against Mr. Champion. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Plaintiff's amended complaint does not expressly invoke 42 U.S.C. § 1983, but it can indulgently be construed as attempting to assert a such claims because it mentions plaintiff's rights to peaceably assemble, petition the government for redress of grievances, and equal protection of the laws. Section 1983 "does not create any substantive rights but rather merely provides remedies for rights established elsewhere." *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 302 (6th Cir. 2005). To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege deprivation of a right guaranteed by the federal Constitution or laws by a person acting under color of state law.[2] *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 302 (6th Cir.

---

[2] "Section 1983 authorizes the courts to redress violations of "rights, privileges or immunities secured by the Constitution and [federal] laws that occur under color of state law. The statute is thus limited to deprivations of *federal* statutory and constitutional rights. It does not cover official conduct that allegedly violates *state* law." *Huron Valley Hosp., Inc. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989)(citing *Baker v. McCollan*, 443 U.S. 137, 146 (1979)); *see Neinast v. Board of Trusteees of Columbus Metro. Library*, 346 F.3d 585, 597 (6th Cir. 2003), *cert. denied*, 541 U.S. 990 (2004).

2005). Plaintiff has not pled facts or supported with evidence any claim against defendant Champion for violating plaintiff's rights to peaceably assemble, petition the government for redress of grievances, or equal protection of the laws. Plaintiff has not alleged or submitted evidence that defendant Champion was acting under color of state law when he pushed away the lens of plaintiff's camera. *See West v. Atkins*, 487 U.S. 42, 49 (1988); *Nuens v. City of Columbus*, 303 F.3d 667, 670-71 (6th Cir. 2002); *Redding v. St. Edward*, 241 F.3d 530, 533 (6th Cir. 2001); *Becerra v. Asher*, 105 F.3d 1042, 1047 (6th Cir. 1997); *Stengel v. Belcher*, 522 F.2d 438, 441 (6th Cir. 1975). In summary, I find that defendant Champion is entitled to judgment in his favor as a matter of law on all plaintiff's federal claims.

    **2.**    **State-Law Claims**

Plaintiff's amended complaint is not a model of clarity, but it does appear that plaintiff is attempting to assert state-law assault and battery claims. I recommend that the court decline to exercise supplemental jurisdiction over plaintiff's state-law claims. "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). Generally where, as here, all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over a plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Thurman v. Daimler Chrysler, Inc.*, 397 F.3d 352, 359-60 (6th Cir. 2004); *Mays v. Buckeye Rural Elec. Coop., Inc.*, 277 F.3d 873, 881-82 (6th Cir. 2002); *see also Dallas v, Holmes*, 137 F. App'x 746, 753 (6th Cir. 2005); *Mallory v. Ohio Univ.*, 76 F. App'x 634, 641 (6th Cir. 2003)("The usual course is for the district court to dismiss state-law claims without prejudice if all federal claims are disposed of on summary judgment.").

**Recommended Disposition**

For the foregoing reasons, I recommend that defendant Champion's motion for summary judgment (docket # 21) be granted, and that judgment be entered in Champion's favor on all plaintiff's federal claims.  I further recommend that the court decline to exercise supplemental jurisdiction over plaintiff's state-law claims.  I further recommend that all plaintiff's claims against the Michigan State Bar Association be dismissed for failure to achieve timely service of the summons and complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure.

Dated:  October 12, 2005              /s/  Joseph G. Scoville
                                      United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).